(Slip Opinion) OCTOBER TERM, 2007 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## IRIZARRY *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 06–7517.   Argued April 15, 2008—Decided June 12, 2008

Petitioner pleaded guilty to making a threatening interstate communication to his ex-wife, in violation of federal law. Although the presentence report recommended a Federal Sentencing Guidelines range of 41-to-51 months in prison, the court imposed the statutory maximum sentence—60 months in prison and 3 years of supervised release—rejecting petitioner's objection that he was entitled to notice that the court was contemplating an upward departure. The Eleventh Circuit affirmed, reasoning that Federal Rule of Criminal Procedure 32(h), which states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified . . . either in the presentence report or in a party's pre-hearing submission, the court must give the parties reasonable notice that it is contemplating such a departure," did not apply because the sentence was a variance, not a Guidelines departure.

*Held:* Rule 32(h) does not apply to a variance from a recommended Guidelines range. At the time that *Burns* v. *United States*, 501 U. S. 129, was decided, prompting Rule 32(h)'s promulgation, the Guidelines were mandatory; the Sentencing Reform Act of 1984 prohibited district courts from disregarding most of the Guidelines' "mechanical dictates," *id.,* at 133. Confronted with the constitutional problems that might otherwise arise, the *Burns* Court held that the Rule 32 provision allowing parties to comment on the appropriate sentence—now Rule 32(i)(1)(C)—would be "render[ed] meaningless" unless the defendant were given notice of a contemplated departure. *Id.* at 135–136. Any constitutionally protected expectation that a defendant will receive a sentence within the presumptively applicable Guidelines range did not, however, survive *United States* v. *Booker*, 543 U. S. 220, which invalidated the Guidelines' mandatory features. Faced

Syllabus

with advisory Guidelines, neither the Government nor the defendant may place the same degree of reliance on the type of "expectancy" that gave rise to a special need for notice in *Burns*. Indeed, a sentence outside the Guidelines carries no presumption of unreasonableness. *Gall* v. *United States*, 552 U. S. ___, ___. Thus, the due process concerns motivating the Court to require notice in a mandatory Guidelines world no longer provide a basis for extending the *Burns* rule either through an interpretation of Rule 32(h) itself or through Rule 32(i)(C)(1). Nor does the rule apply to 18 U. S. C. §3553 variances by its terms. Although the Guidelines, as the "starting point and the initial benchmark," continue to play a role in the sentencing determination, see *Gall,* 552 U. S., at ___, there is no longer a limit comparable to the one in *Burns* on variances from Guidelines ranges that a district court may find justified. This Court is confident that district judges and counsel have the ability—especially in light of Rule 32's other procedural protections—to make sure that all relevant matters relating to a sentencing decision have been considered before a final determination is made. Pp. 5–8.

458 F. 3d 1208, affirmed.

STEVENS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SCALIA, THOMAS, and ALITO, JJ., joined. THOMAS, J., filed a concurring opinion. BREYER, J., filed a dissenting opinion, in which KENNEDY, SOUTER, and GINSBURG, JJ., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———————

No. 06–7517

———————

## RICHARD IRIZARRY, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[June 12, 2008]

JUSTICE STEVENS delivered the opinion of the Court.

Rule 32(h) of the Federal Rules of Criminal Procedure, promulgated in response to our decision in *Burns* v. *United States*, 501 U. S. 129 (1991), states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." The question presented by this case is whether that Rule applies to every sentence that is a variance from the recommended Federal Sentencing Guidelines range even though not considered a "departure" as that term was used when Rule 32(h) was promulgated.

I

Petitioner, Richard Irizarry, pleaded guilty to one count of making a threatening interstate communication, in violation of 18 U. S. C. §875(c). Petitioner made the following admissions in the factual resume accompanying his plea: (1) On November 5, 2003, he sent an e-mail threatening to kill his ex-wife and her new husband; (2) he had sent "dozens" of similar e-mails in violation of a restrain-

ing order; (3) he intended the e-mails to "convey true threats to kill or injure multiple persons"; and (4) at all times he acted knowingly and willfully. App. 273–275.

The presentence report (PSR), in addition to describing the threatening e-mails, reported that petitioner had asked another inmate to kill his ex-wife's new husband. Brief for United States 6. The PSR advised against an adjustment for acceptance of responsibility and recommended a Guidelines sentencing range of 41-to-51 months of imprisonment, based on enhancements for violating court protective orders, making multiple threats, and intending to carry out those threats. Brief for Petitioner 9. As possible grounds for a departure, the probation officer stated that petitioner's criminal history category might not adequately reflect his "'past criminal conduct or the likelihood that [petitioner] will commit other crimes.'" *Ibid.*

The Government made no objection to the PSR, but advised the court that it intended to call petitioner's ex-wife as a witness at the sentencing hearing. App. 293. Petitioner objected to the PSR's application of the enhancement based on his intention to carry out the threats and its rejection of an adjustment for acceptance of responsibility. *Id.,* at 295–296.

Four witnesses testified at the sentencing hearing. *Id.,* at 299. Petitioner's ex-wife described incidents of domestic violence, the basis for the restraining order against petitioner, and the threats petitioner made against her and her family and friends. *Id.,* at 307, 309, 314. She emphasized at some length her genuine concern that petitioner fully intended to carry out his threats. *Id.,* at 320. A special agent of the Federal Bureau of Investigation was called to describe documents recovered from petitioner's vehicle when he was arrested; those documents indicated he intended to track down his ex-wife and their children. *Id.,* at 326–328. Petitioner's cellmate next testified that

petitioner "was obsessed with the idea of getting rid of" his ex-wife's husband. *Id.,* at 336. Finally, petitioner testified at some length, stating that he accepted responsibility for the e-mails, but that he did not really intend to carry out his threats. *Id.,* at 361. Petitioner also denied speaking to his cellmate about killing his ex-wife's husband. *Id.,* at 356–357.

After hearing from counsel, the trial judge delivered a thoughtful oral decision, which included findings resolving certain disputed issues of fact. She found that petitioner had deliberately terrorized his ex-wife, that he intended to carry out one or more of his threats, "that he still intends to terrorize Ms. Smith by whatever means he can and that he does not accept responsibility for what he has done." *Id.,* at 372. After giving both petitioner and counsel an opportunity to make further comment, the judge concluded:

> "I've considered all of the evidence presented today, I've considered everything that's in the presentence report, and I've considered the statutory purpose of sentencing and the sentencing guideline range. I find the guideline range is not appropriate in this case. I find Mr. Irizarry's conduct most disturbing. I am sincerely convinced that he will continue, as his ex-wife testified, in this conduct regardless of what this court does and regardless of what kind of supervision he's under. And based upon that, I find that the maximum time that he can be incapacitated is what is best for society, and therefore the guideline range, I think, is not high enough.
>
> "The guideline range goes up to 51 months, which is only nine months shorter than the statutory maximum. But I think in Mr. Irizarry's case the statutory maximum is what's appropriate, and that's what I'm going to sentence him." *Id.,* at 374–375.

The court imposed a sentence of 60 months of imprison-
ment to be followed by a 3-year term of supervised release.
*Id.,* at 375.

Defense counsel then raised the objection that presents
the issue before us today.  He stated, "We didn't have
notice of [the court's] intent to upwardly depart.  What the
law is on that now with—," to which the Court responded,
"I think the law on that is out the window. . . . You had
notice that the guidelines were only advisory and the court
could sentence anywhere within the statutory range."  *Id.,*
at 377.

The Court of Appeals for the Eleventh Circuit affirmed
petitioner's sentence, reasoning that Rule 32(h) did not
apply because "the above-guidelines sentence imposed by
the district court in this case was a variance, not a guide-
lines departure."  458 F. 3d 1208, 1211 (2006) *(per cu-
riam).*  The Court of Appeals declined to extend the rule to
variances.  "After [*United States* v. *Booker,* 543 U. S. 220
(2005),] parties are inherently on notice that the sentenc-
ing guidelines range is advisory. . . . Given *Booker,* parties
cannot claim unfair surprise or inability to present in-
formed comment."  *Id.,* at 1212.

Because the Courts of Appeals are divided with respect
to the applicability of Rule 32(h) to Guidelines variances,[1]
we granted certiorari.  552 U. S. ___ (2008).  We now
affirm.

—————

[1] Compare *United States* v. *Vega-Santiago,* 519 F. 3d 1 (CA1 2008) (en
banc); *United States* v. *Vampire Nation,* 451 F. 3d 189 (CA3 2006);
*United States* v. *Mejia-Huerta,* 480 F. 3d 713 (CA5 2007); *United States*
v. *Long Soldier,* 431 F. 3d 1120 (CA8 2005); and *United States* v.
*Walker,* 447 F. 3d 999, 1006 (CA7 2006), with *United States* v. *Anati,*
457 F. 3d 233 (CA2 2006); *United States* v. *Davenport,* 445 F. 3d 366
(CA4 2006); *United States* v. *Cousins,* 469 F. 3d 572 (CA6 2006); *United
States* v. *Evans-Martinez,* 448 F. 3d 1163 (CA9 2006); and *United States*
v. *Atencio,* 476 F. 3d 1099 (CA10 2007).

## II

At the time of our decision in *Burns*, the Guidelines were mandatory; the Sentencing Reform Act of 1984, §211 *et seq.,* 98 Stat. 1987, prohibited district courts from disregarding "the mechanical dictates of the Guidelines" except in narrowly defined circumstances. 501 U. S., at 133. Confronted with the constitutional problems that might otherwise arise, we held that the provision of Rule 32 that allowed parties an opportunity to comment on the appropriate sentence—now Rule 32(i)(1)(C)—would be "render[ed] meaningless" unless the defendant were given notice of any contemplated departure. *Id.,* at 135–136. JUSTICE SOUTER disagreed with our conclusion with respect to the text of Rule 32 and conducted a due process analysis. *Id.,* at 147 (dissenting opinion).

Any expectation subject to due process protection at the time we decided *Burns* that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive our decision in *United States* v. *Booker,* 543 U. S. 220 (2005), which invalidated the mandatory features of the Guidelines. Now faced with advisory Guidelines, neither the Government nor the defendant may place the same degree of reliance on the type of "expectancy" that gave rise to a special need for notice in *Burns*. Indeed, a sentence outside the Guidelines carries no presumption of unreasonableness. *Gall* v. *United States*, 552 U. S. \_\_\_, \_\_\_ (2007) (slip op., at 12); see also *Rita* v. *United States*, 551 U. S. \_\_\_ (2007).

It is, therefore, no longer the case that "were we to read Rule 32 to dispense with notice [of a contemplated non-Guidelines sentence], we would then have to confront the serious question whether [such] notice in this setting is mandated by the Due Process Clause." *Burns*, 501 U. S., at 138. The due process concerns that motivated the Court to require notice in a world of mandatory Guidelines no longer provide a basis for this Court to extend the rule

set forth in *Burns* either through an interpretation of Rule
32(h) itself or through Rule 32(i)(1)(C). And contrary to
what the dissent argues, *post,* at 1–2 (opinion of BREYER,
J.), the rule does not apply to §3553 variances by its terms.
"Departure" is a term of art under the Guidelines and
refers only to non-Guidelines sentences imposed under the
framework set out in the Guidelines.

  The notice requirement set out in *Burns* applied to a
narrow category of cases. The only relevant departures
were those authorized by 18 U. S. C. §3553(b) (1988 ed.),
which required "an aggravating or mitigating circum-
stance of a kind, or to a degree, not adequately taken into
consideration by the Sentencing Commission in formulat-
ing the guidelines that should result in a sentence differ-
ent from that described." That determination could only
be made based on "the sentencing guidelines, policy
statements, and official commentary of the Sentencing
Commission." *Ibid.* And the notice requirement only
applied to the subcategory of those departures that were
based on "a ground not identified as a ground for . . . de-
parture either in the presentence report or in a pre-
hearing submission." *Burns*, 501 U. S., at 138–139; see
also Fed. Rule Crim. Proc. 32(h). Although the Guidelines,
as the "starting point and the initial benchmark," continue
to play a role in the sentencing determination, see *Gall,*
552 U. S., at ___ (slip op., at 11), there is no longer a limit
comparable to the one at issue in *Burns* on the variances
from Guidelines ranges that a District Court may find
justified under the sentencing factors set forth in 18
U. S. C. §3553(a) (2000 ed. and Supp. V).

  Rule 32(i)(1)(C) requires the district court to allow the
parties to comment on "matters relating to an appropriate
sentence," and given the scope of the issues that may be
considered at a sentencing hearing, a judge will normally
be well-advised to withhold her final judgment until after
the parties have had a full opportunity to present their

evidence and their arguments. Sentencing is "a fluid and dynamic process and the court itself may not know until the end whether a variance will be adopted, let alone on what grounds." *United States* v. *Vega-Santiago*, 519 F. 3d 1, 4 (CA1 2008) (en banc). Adding a special notice requirement whenever a judge is contemplating a variance may create unnecessary delay; a judge who concludes during the sentencing hearing that a variance is appropriate may be forced to continue the hearing even where the content of the Rule 32(h) notice would not affect the parties' presentation of argument and evidence. In the case before us today, even if we assume that the judge had contemplated a variance before the sentencing hearing began, the record does not indicate that a statement announcing that possibility would have changed the parties' presentations in any material way; nor do we think it would in most cases. The Government admits as much in arguing that the error here was harmless. Brief for United States 37–38.

Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues. We recognize that there will be some cases in which the factual basis for a particular sentence will come as a surprise to a defendant or the Government. The more appropriate response to such a problem is not to extend the reach of Rule 32(h)'s notice requirement categorically, but rather for a district judge to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial. As Judge Boudin has noted,

> "In the normal case a competent lawyer . . . will anticipate most of what might occur at the sentencing hearing—based on the trial, the pre-sentence report,

the exchanges of the parties concerning the report, and the preparation of mitigation evidence. Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise to trial lawyers who have prepared for sentencing." *Vega-Santiago*, 519 F. 3d, at 5.

The fact that Rule 32(h) remains in effect today does not justify extending its protections to variances; the justification for our decision in *Burns* no longer exists and such an extension is apt to complicate rather than to simplify sentencing procedures. We have confidence in the ability of district judges and counsel—especially in light of Rule 32's other procedural protections[2]—to make sure that all relevant matters relating to a sentencing decision have been considered before the final sentencing determination is made.

The judgment of the Court of Appeals is affirmed.

*It is so ordered.*

---

[2] Rule 32 requires that a defendant be given a copy of his PSR at least 35 days before sentencing, Fed. Rule Crim. Proc. 32(e)(2). Further, each party has 14 days to object to the PSR, Rule 32(f)(1), and at least 7 days before sentencing the probation officer must submit a final version of the PSR to the parties, stating any unresolved objections, Rule 32(g). Finally, at sentencing, the parties must be allowed to comment on "matters relating to an appropriate sentence," Rule 32(i)(1)(C), and the defendant must be given an opportunity to speak and present mitigation testimony, Rule 32(i)(4)(A)(ii).

# SUPREME COURT OF THE UNITED STATES

-----

No. 06–7517

-----

RICHARD IRIZARRY, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[June 12, 2008]

JUSTICE THOMAS, concurring.

Earlier this Term, I explained that because "there is no principled way to apply the *Booker* remedy," it is "best to apply the statute as written, including 18 U. S. C. §3553(b), which makes the [Federal Sentencing] Guidelines mandatory." *Kimbrough* v. *United States*, 552 U. S. \_\_\_, \_\_\_ (2007) (slip op., at 3) (dissenting opinion) (referencing *United States* v. *Booker*, 543 U. S. 220, 258–265 (2005)); see also *Gall* v. *United States*, 552 U. S. \_\_\_ (2007) (slip op., at 1) (THOMAS, J., dissenting) (applying the Guidelines as mandatory). Consistent with that view, I would hold that the District Court committed statutory error when it imposed a sentence at "variance" with the Guidelines in a manner not authorized by the text of the Guidelines, which permit sentences outside the Guidelines, or "departures," only when certain aggravating or mitigating circumstances are present. See United States Sentencing Commission, Guidelines Manual §1B1.1 (Nov. 2007). But the issue whether such post-*Booker* "variances" are permissible is not currently before us.

Rather, we are presented with the narrow question whether Federal Rule of Criminal Procedure 32(h) requires a judge to give notice before he imposes a sentence outside the Guidelines on a ground not identified in the presentence report or in a prehearing submission by the Government. I agree with the Court that neither Rule

32(h) nor *Burns* v. *United States*, 501 U. S. 129 (1991),
compels a judge to provide notice before imposing a sen-
tence at "variance" with the post-*Booker* advisory Guide-
lines, *ante*, at 8.  Each addresses only "departures" under
the mandatory Guidelines and does not contemplate the
drastic changes to federal sentencing wrought by the
*Booker* remedy.  For this reason, I join the Court's opinion.

# SUPREME COURT OF THE UNITED STATES

——————

No. 06–7517

——————

## RICHARD IRIZARRY, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[June 12, 2008]

JUSTICE BREYER, with whom JUSTICE KENNEDY, JUSTICE SOUTER, and JUSTICE GINSBURG join, dissenting.

Federal Rule of Criminal Procedure 32(h) says:

"Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."

The question before us is whether this Rule applies when a sentencing judge decides, pursuant to 18 U. S. C. §3553(a) (2000 ed. and Supp. V), to impose a sentence that is a "variance" *from* the advisory Guidelines, but is not a "departure" *within* the Guidelines. The Court says that the Rule does not apply. I disagree.

The Court creates a legal distinction without much of a difference. The Rule speaks specifically of "departure[s]," but I see no reason why that term should not be read to encompass what the Court calls §3553(a) "variances." The Guidelines define "departure" to mean "imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence." United States Sentencing Commission, Guidelines Manual (USSG), §1B1.1, comment., n. 1(E) (Nov. 2007). So-called variances fall comfortably within this

definition. Variances are also consistent with the ordinary meaning of the term "departure." See, *e.g.*, Webster's Third New International Dictionary 604 (1993) (defining "departure" to mean a "deviation or divergence esp. from a rule" (def. 5a)). And conceptually speaking, the substantive difference between a "variance" and a "departure" is nonexistent, as this Court's opinions themselves make clear. See, *e.g.*, *Gall* v. *United States*, 552 U. S. ___, ___–___ (2007) (slip op., at 7—8) (using the term "departure" to describe any non-Guideline sentence); *Rita* v. *United States*, 551 U. S. ___, ___–___ (2007) (slip op., at 10) (stating that courts "may depart (either pursuant to the Guidelines or, since *Booker*, by imposing a non-Guidelines sentence)").

Of course, when Rule 32(h) was written, its drafters had *only* Guidelines-authorized departures in mind: Rule 32(h) was written after the Guidelines took effect but before this Court decided *United States* v. *Booker*, 543 U. S. 220 (2005). Yet the language of a statute or a rule, read in light of its purpose, often applies to circumstances that its authors did not then foresee. See, *e.g.*, *Oncale* v. *Sundowner Offshore Services, Inc.*, 523 U. S. 75, 79–80 (1998).

And here, the purpose behind Rule 32(h) requires that the Rule be construed to apply to variances. That Rule was added to "reflect" our decision in *Burns* v. *United States*, 501 U. S. 129 (1991). See Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, 18 U. S. C. App., p. 1141 (2000 ed., Supp. II). (2002 Amendments). In *Burns*, the Court focused upon "the extraordinary case in which the district court, on its own initiative and contrary to the expectations both the defendant and the Government, decides that the factual and legal predicates for a departure are satisfied." 501 U. S., at 135. The Court held that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing sub-

mission by the Government . . . the district court [must] give the parties reasonable notice that it is contemplating such a ruling." *Id.*, at 138.

Our holding in *Burns* was motivated, in part, by a desire to avoid due process concerns. See 501 U. S., at 138 ("[W]ere we to read Rule 32 to dispense with notice, we would then have to confront the serious question whether notice in this setting is mandated by the Due Process Clause"). That is perhaps why the majority today suggests that "[a]ny expectation subject to due process protection at the time we decided *Burns*" failed to survive *Booker*. *Ante*, at 5. But the due process concern was not the only reason for our holding in *Burns*, nor was it even the primary one. Rather, the Court principally based its decision upon Rule 32's requirement that parties be given "'an opportunity to comment upon . . . matters relating to the appropriate sentence.'" 501 U. S., at 135 (citing then-Rule 32(a)(1)). "Obviously," the Court said, whether a *sua sponte* departure was warranted was a "matter relating to the appropriate sentence." *Ibid.* (internal quotation marks omitted). To deprive the parties of notice of such a departure would thus "rende[r] meaningless" their right to comment on "matters relating to the appropriate sentence." *Id.*, at 136 (internal quotation marks omitted). Notice, the Court added, was "essential to assuring procedural fairness." *Id.,* at 138.

The Court's decision in *Burns* also relied on what the Court described as Rule 32's overall purpose of "provid[ing] for focused, adversarial development of the factual and legal issues" related to sentencing. *Id.,* at 134. This could be gleaned, *inter alia*, from the requirement that parties be given an opportunity to file responses or objections to the presentence report and from the requirement that parties be given an opportunity to speak at the sentencing proceeding. *Ibid.* Construing Rule 32 not to require notice of *sua sponte* departures, the Court rea-

soned, would be "inconsistent with Rule 32's purpose of promoting focused, adversarial resolution" of sentencing issues. *Id.*, at 137.

The primary grounds for the Court's decision in *Burns* apply with equal force to the variances we consider here. Today, Rule 32(i)(1)(C) provides a virtually identical requirement that the district court "allow the parties' attorneys to comment on the probation officer's determinations *and other matters relating to an appropriate sentence.*" (Emphasis added.) To deprive the parties of notice of previously unidentified grounds for a variance would *today* "rende[r] meaningless" the parties' right to comment on "matters relating to [an] appropriate sentence." *Burns*, 501 U. S., at 136 (internal quotation marks omitted). To deprive the parties of notice would *today* subvert Rule 32's purpose of "promoting focused, adversarial resolution" of sentencing issues. In a word, it is not fair. *Id.*, at 137.

Seeking to overcome the fact that text, purpose, and precedent are not on its side, the majority makes two practical arguments in its defense. First, it says that notice is unnecessary because "there is no longer a limit comparable to the one at issue in *Burns*" as to the number of reasons why a district court might *sua sponte* impose a sentence outside the applicable range. *Ante,* at 6. Is that so? Courts, while now free to impose sentences that vary from a Guideline-specified range, have *always* been free to depart from such a range. See USSG ch. 1, pt. A, §4(b) (Nov. 1987), reprinted in §1A1.1 comment., editorial note (Nov. 2007) (suggesting broad departure authority). Indeed, even *Burns* recognized that "the Guidelines place essentially no limit on the number of potential factors that may warrant a departure." 501 U. S., 136–137 (citing USSG ch. 1, pt. A, §4(b) (1990)). Regardless, if *Booker* expanded the number of grounds on which a district court may impose a non-Guideline sentence, that would seem to be an additional argument *in favor of*, not *against*, giving

the parties notice of the district court's intention to impose a non-Guideline sentence for some previously unidentified reason. Notice, after all, would promote "focused, adversarial" litigation at sentencing. *Burns*, *supra*, at 134, 137.

Second, the majority fears that a notice requirement would unnecessarily "delay" and "complicate" sentencing. *Ante*, at 7, 8. But this concern seems exaggerated. Rule 32(h) applies only where the court seeks to depart on a ground *not* previously identified by the presentence report or the parties' presentencing submissions. And the Solicitor General, after consulting with federal prosecutors, tells us that "in the vast majority of cases in which a district court imposes a sentence outside the Guidelines range, the grounds for the variance have previously been identified by the [presentence report] or the parties." Brief for United States 32.

In the remaining cases, notice does not necessarily mean delay. The parties may well be prepared to address the point and a meaningful continuance of sentencing would likely be in order only where a party would adduce additional evidence or brief an unconsidered legal issue. Further, to the extent that district judges find a notice requirement to complicate sentencing, those judges could make use of Rule 32(d)(2)(F), which enables them to require that presentence reports address the sentence that would be appropriate in light of the §3553(a) factors (including, presumably, whether there exist grounds for imposing a non-Guidelines sentence). If a presentence report includes a section on whether a variance would be appropriate under §3553(a), that would likely eliminate the possibility that the district court would wind up imposing a non-Guidelines sentence for some reason *not previously identified.*

Finally, if notice *still* produced some burdens and delay, fairness justifies notice regardless. Indeed, the Government and the defendant here—the parties most directly

affected by sentencing—both urge the Court to find a notice requirement.  Clearly they recognize, as did the Court in *Burns*, that notice is "essential to assuring procedural fairness" at sentencing.  501 U. S., at 138.

I believe that Rule 32(h) provides this procedural safeguard.  And I would vacate and remand to the Court of Appeals so that it could determine whether the petitioner received the required notice and, if not, act accordingly.

I respectfully dissent.