Dissent by Judge IKUTA.
IKUTA, Circuit Judge,
dissenting:
The Ninth Circuit has a knack for disregarding the Supreme Court. Sometimes it simply ignores the Supreme Court. See Harrington v. Richter, 562 U.S. 86, 92, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (“[j]udi-cial disregard [for the Supreme Court’s habeas jurisprudence] is inherent in the opinion of the Court of Appeals for the Ninth Circuit here under review.”). Other times it reads the decisions of the Supreme Court in such a peculiar manner that no “fair-minded jurist” could agree. See Nevada v. Jackson, — U.S. -, 133 S.Ct. 1990, 1993, 186 L.Ed.2d 62 (2013) (“No fair-minded jurist could think that [the Supreme Court case at issue] clearly establishes that the enforcement of the Nevada- rule in this case is inconsistent with the Constitution.”). Occasionally it even thinks it is the Supreme Court. See Lopez v. Smith, — U.S. -, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (scolding the Ninth Circuit for granting habeas relief based on its own precedent, where AEDPA requires that'a state court decision violate clearly established federal law as established by the Supreme Court, “not by the courts of appeals”). But this is the first time I’ve seen the Ninth Circuit decide a criminal defendant’s direct appeal b'ased on law that the Supreme Court has just overruled without even considering whether the new rule applies.
In Johnson v. United States, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness. 135 S.Ct. 2551, 2557 (2015). In doing so, the Court overruled a long line of cases interpreting both the ACCA residual clause and identical language in the United States Sentencing Guidelines, U.S.S.G. § 4B1.2. Johnson, 135 S.Ct. at 2558-60. Indeed, we vacated submission of this case until the Supreme Court ruled because it was clear that the Supreme Court’s decision in Johnson would control our interpretation of the Guidelines residual clause. But now that the Supreme Court has spoken, the majority simply covers its ears and says “never mind.” Without reasoning or explanation, the majority *1131 applies cases that the Supreme Court has expressly overruled to decide Jason Lee’s claim that his prior offenses do not qualify as “crime(s) of violence” under § 4B1.2. Because we may not ignore a Supreme Court decision that overrules almost a decade of case law, I dissent.
I
Before Johnson v. United States, we expressly relied on the Supreme Court’s interpretation of the ACCA residual clause to interpret the substantially identical residual clause in § 4B1.2. See United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir.2013). ACCA requires courts to impose a sentence of not less than 15 years on specified defendants who have three previous convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines “violent felony” to include a specified crime that ‘‘otherwise involves conduct that presents a serious potential risk of physical injury to another.”[1] The Supreme Court interpreted this definition in four key eases: Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011); Chambers v. United States, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009); Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008); and James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007).
Section 4B1.1 of the Guidelines likewise enhances the sentences of career offenders who have two prior felony convictions for a crime of violence. Using identical language to ACCA, the Guidelines define “crime of violence” to include an offense that, “otherwise involves conduct that presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1,2(a)(2). Because the Guidelines and ACCA use identical language, each of our cases interpreting § 4B1.2 relied on one or more of the four key Supreme Court cases interpreting ACCA’s residual clause. See, e.g., Spencer, 724 F.3d at 1137-39; United States v. Park, 649 F.3d 1175, 1177-78 (9th Cir.2011); United States v. Crews, 621 F.3d 849, 852-55 (9th Cir.2010).
In Johnson, the Supreme Court overruled its four cases interpreting the ACCA residual clause because it concluded that the clause was unconstitutionally vague. 135 S.Ct. at 2557-60. Johnson explained that the void-for-vagueness doctrine is based on the Due Process Clause of the Fifth Amendment. Id. at 2556-57. According to Johnson, “[t]he Fifth Amendment provides that ‘[n]o person shall ... be deprived of life, liberty, or property, without due process of law,’” and “the Government violates" this guarantee by taking away someone’s life, liberty, or property under a criminal law so vague that it fails .to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.” Id. at 2556 (citing Kolender v. Lawson, 461 U.S. 352, 357-58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Although the Court initially framed the void for vagueness doctrine as applying only to substantive criminal laws, it later held the doctrine also applied to mandatory sen- *1132 fencing statutes, because “vague sentencing provisions may pose constitutional questions if they'do not state with sufficient-clarity ■the consequences of violating a given criminal statute.” United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).
Applying this doctrine, Johnson determined that the ACCA residual clause was void for vagueness. First, Johnson ex-plainéd that “trying to derive meaning from the residual- clause” was a “failed enterprise,” and interpretations of the clause amounted to little, more than guesswork. 135 S.Ct. at 2560. Referencing the four Supreme Court' precedents interpreting the residual clause, Johnson described them as “repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause that confirm its hopeless indeterminacy”. Id. at 2558. According to Johnson, courts have no reliable way to estimate the risks posed by the defendant’s predicate offense, id. at 2557-58, or to determine “how much risk it takes for a crime to qualify, as a violent felony,” id. at 2558. This indeterminacy caused .the two evils that trigger the void for vagueness doctrine: (1) it “denie[d] fair notice to defendants” and (2) it “invite[d] arbitrary enforcement by judges.” Id. at 2557. Accordingly, Johnson concluded that “imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution’s guarantee of due process.” Id. at 2563. In light of this conclusion, Johnson expressly overruled the Court’s prior interpretations of the residual clause in Sykes, 564 U.S. 1, 131 S.Ct. 2267, and James, 550 U.S. 192, 127 S.Ct. 1586, and implicitly overruled Chambers, 555 U.S. 122, 129 S.Ct. 687, and Begay, 553 U.S. 137, 128 S.Ct. 1581.
In overturning these cases, Johnson necessarily overruled the Ninth Circuit cases that relied on them. As we recognized' in Nunez-Reyes v. Holder, a decision to overrule longstanding precedent also nec'essarily ‘overrules “the same holding in those casés that, bound by stare decisis, followed' the [previous] rule.” 646 F.3d 684, 690 (9th Cir.2011) (en banc); see also Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir.1993) (“[T]he [district] court relied on a case that was subsequently overruled by the Supreme Court. Therefore, th¿ principle announced [by the overruled case] was no longer good law at the time of Appellant’s lawsuit.”) (internal citations omitted). And to the extent Johnson did hot directly overrule our cases, it “effectively overruled” them by “undercutting] the[ir] theory or reasoning ... in such a way that the cases are clearly irreconcilable.” See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (en banc).
The cases that- the majority uses to interpret § 4B1.2 have therefore been overruled, because each of them relied on the Supreme Court -cases that Johnson overturned. See Spencer, 724 F.3d at 1137-39; Park, 649 F.3d at 1177-78; United States v. Carthorne, 726 F.3d 503, 513-14 (4th Cir.2013). “Where a legal doctrine is overruled by the Supreme Court, [a court’s] error in applying that doctrine ... is ‘plain.’ ” United States v. Recio, 371 F.3d 1093, 1100 (9th Cir.2004). The majority commits exactly this plain error in relying on precedent overruled by Johnson.
The majority cannot "explain away its reliance on overruled case law by claiming to engage in constitutional avoidance, Maj. op. at 1127-28 n.2. In order to avoid a constitutional question, a court must have “some other ground upon which the case may be disposed of.” Pearson v. Callahan, 555 U.S. 223, 241, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting Ashwander v. TVA 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandéis, J., concurring)). The majority claims it can dispose *1133 of this case by applying “pre-Johnson case law.” Maj. op. at 1127. But since Johnson has eliminated that prior case law, this “other ground” no longer exists. The majority’s approach is not constitutional avoidance, it is Supreme Court avoidance.
II
By declaring the ACCA residual clause unconstitutional, Johnson created “a new rule for the conduct of criminal prosecutions” applicable to sentencing proceedings. See United States v. Jordan, 256 F.3d 922, 928-29 (9th Cir.2001) (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). Such rules must “be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with-no exception.” Griffith, 479 U.S. at 328, 107 S.Ct. 708. Because. Lee’s case was pending on direct review at the time that Johnson was decidr ed, we are bound ¡to consider whether Lee is entitled to the benefit of Johnson’s new rule. See Dimaya v. Lynch, 803 F.3d 1110, 1112 (9th Cir.2015) (considering how Johnson applies to 8 U.S.C. § 16); cf. Welch v. United States, — U.S. -, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016) (holding that Johnson applies retroactively to ACCA cases on collateral review).
It is not immediately obvious that Lee’s sentence should be vacated because the Supreme Court’s void for vagueness doctrine — which holds that a statute is void for vagueness if it fails to give fair notice of the conduct it punishes or invites, arbitrary enforcement — is not directly applicable in the Sentencing Guidelines context. A criminal statute violates the “fair notice” requirement if it “fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.” Colautti v. Franklin, 439 U.S. 379, 390, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) (internal quotation marks omitted). A statute violates the “arbitrary-enforcement” requirement if it is “so indefinite that it encourages arbitrary and erratic arrests and convictions.” Id. (quoting Papachristou v. Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972)) (internal quotation marks omitted). In other words, “ordinary notions of fair play and settled rules of law,” Johnson, 135 S.Ct. at 2557, are violated if police officers, prosecutors, and judges are essentially “defining crimes and fixing penalties” by filling in gaps in statutes. United States v. Evans, 333 U.S. 483, 486, 68 S.Ct. 634, 92 L.Ed. 823 (1948). However, the Due Process Clause is not violated when officials make decisions that-have beeii appropriately entrusted to their discretion. For instance, in making charging decisions, prosecutors may choose to charge a defendant with the offense that carries the most onerous penalty, rather than a substantially similar offense with lesser penalties, without giving rise - to due process concerns. Batchelder, 442 U.S. at 123-24, 99 S.Ct. 2198.
Unlike ■ the mandatory- sentencing schemes in Batchelder and Johnson, the Sentencing Guidelines are merely advisory and do not fix the penalty for any offense. See United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While courts must “begin all sentencing proceedings by correctly calculating the applicable Guidelines range,” Gall v. United States, 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (citing Rita v. United States, 551 U.S. 338, 347-48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)), and while the Guidelines provide a framework and anchor for the court’s exercise of discretion, see Molina-Martinez v. United States, — U.S. —, 136 S.Ct. 1338, 1345-46, 194 L.Ed.2d 444 (2016), a district court has broad discretion to impose a sentence inside or outside the recommended Guidelines range and there is no presumption that a sentence outside the range is unreasonable, Gall, 552 U.S. at 49, *1134 128 S.Ct. 586. “Overall, this system requires q court to give respectful consideration to the Guidelines, but it permits the court to tailor the sentence in light of other statutory, concerns as ,well,” Peugh v. United States, — U.S. -, 133 S.Ct. 2072, 2080, 186 L.Ed.2d 84 (2013) (internal quotation marks omitted).
Because a district court is not strictly bound by the Guidelines, but may exercise its discretion to impose a non-Guidelines sentence within the statutory framework, neither the fair notice concern nor the arbitrary enforcement concern giving rise to the void for vagueness doctrine is applicable in the Sentencing Guidelines context.
First, the Supreme Court has made clear that the Due Process Clause does not require a district court to give notice to a defendant before imposing a sentence outside the recommended Guideline range. See Irizarry v. United States, 553 U.S. 708, 713-14, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008). As the Supreme Court acknowledged, Irizarry .marked a departure from the Court’s pre-Booker analysis. Id. at 713, 128 S.Ct. 2198. In Burns v. United States, the Court had interpreted Rule 32 of the Federal Rules of Criminal Procedure as. requiring a district court to notify a defendant before sua sponte departing upward from an applicable Guidelines sentencing range. 501 U.S. 129, 138, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). According to the Court, reading Rule 32 “to dispense with notice” would require the Court “to confront the serious question whether notice in this setting is mandated by the Due Process Clause.” Id. But.in Irizarry, the Court concluded that interpreting Rule 32 as allowing the imposition of an above-Guidelines sentence without notice would no longer raise any Due Process Clause concern. See Irizarry, 553 U.S. at 713, 128 S.Ct. 2198. Rather, “[a]ny expectation subject'to due process protection at the time we decided Bums that a criminal defendant would receive a sentence within the presumptively applicable Guidelines range did not survive our decision in [Booker ].” Id. Once the Guidelines became merely advisory, the Court reasoned, “neither the Government nor the defendant may place the same degree of reliance on the type of ‘expectancy’ that gave rise to a special need- for notice in Bums.” Id. at 713-14, 128 S.Ct. 2198; see also United States v. Tichenor, 683 F.3d 358, 365 (7th Cir.2012) (“Since the Guidelines are merely advisory, defendants cannot rely on them-to communicate the sentence that the district court -will impose.”)'. Accordingly, the Court concluded that a district court’s imposition of an above-Guidelines sentence without giving notice to the defendant did not raise constitutional-concerns. Irizarry, 553 U.S. at 714, 128 S.Ct. 2198.[2]
This' reasoning is equally applicable here’. Because the defendant no longer has a protected' expectation of being sentenced within the range recommended by the Guidelines, and the Due Process Clause does not require notice'to the defendant that the district court intends to impose an above-Guidelines sentence, any vagueness in the Guidelines that could result in a higher recommended range does *1135 not give rise to fair notice concerns under the Due Process Clause.[3] ,
' Nor is‘the arbitrary enforcement concern giving rise to the constitutional void for vagueness doctrine applicable in the Sentencing Guidelines ‘ context. Because Booker eliminated the statutory provision making the Guidelines mandatory, a' district court is bound, only by the sentencing range set by Congress. While the Guidelines provide advice regarding the types of sentences normally imposed by district courts “based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions,” Gall, 552 U.S. at 46, 128 S.Ct. 586, a district court must ultimately exercise its discretion in imposing the sentence; there is no “unreasonableness presumption for sentences outside the Guidelines range,” id. at 38, 128 S.Ct. 586. Indeed, we do not even review whether a district court correctly applied the Guidelines’ direction for when a departure from a recommended range is appropriate, see U.S.S.G. § 5K2.0, because the court “would, be free on remand to impose exactly the same sentence by exercising his discretion under the now-advisory guidelines,” United States v. Mohamed, 459 F.3d 979, 987 (9th Cir.2006). Given that a district court’s interpretation of a Guidelines provision is not “fixing penalties” in a manner that trenches on the authority given to Congress, Evans, 333 U.S. at 486, 68 S.Ct. 634, and instead constitutes an exercise of the court’s proper discretion, any vagueness in the Guidelines provisions does not increase the due process' risk of arbitrary enforcement, see Batchelder, 442 U.S. at 123, 99 S.Ct. 2198; Cf. Mistretta v. United States, 488 U.S. 361, 395, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (“Indeed, because the Guidelines have the effect of promoting sentencing within a narrower range than was previously applied, the power of the Judicial Branch is, if anything, somewhat diminished by the Act.”).
In light of the fact that the discretionary Sentencing Guidelines do not raise the same constitutional concerns .aS mandatory sentencing provisions, I would conclude, that any vagueness in the § 4B1.2 residual clause does not violate the Due Process Clause. Therefore, the. reasoning in John: son is not directly applicable to the Guidelines and the Guidelines residual clause is not void for vagueness, even though Johnson overrules our cases that previously interpreted . § 4B1.2. This conclusion is consistent with the holdings of, five sister circuits that the Guidelines are not susceptible to dué process vagueness challenges. See United States v. Ellis, 815 F.3d 419, 421-23 (8th Cir.2016) (citing United States v. Wivell, 893 F.2d 156, 159 (8th Cir.1990)); United States v. Matchett, 802 F.3d 1185, 1193-95 (11th Cir.2015); Tichenor, 683 F.3d at 365; United States v. Smith, 73 F.3d 1414, 1418 (6th Cir.1996); United States v. Pearson, 910 F.2d 221, 223 (5th Cir.1990).[4]
*1136 III
Because the Guidelines residual clause is not void,for vagueness, we .must; still address whether Lee’s, convictions under sections 69 and 243.1 of the California Penal Code constitute crimes of violence under the Guidelines residual clause. Contrary to the majority, see Maj. op. at 1127-28 n. 2, we need not decide this question in the first instance. As the Supreme Court did in Welch, we may appropriately remand to the district court to consider whether “other grounds” exist to Impose the Guidelines career offender .enhancement that do not rely on the Supreme Court’s prior residual clause cases. 136 S.Ct. at 1268. If we reached the issue, however, I-would- hold that given the residual clause’s inscrutability in the ACCA context, application of the residual clause would violate the Supreme Court’s instruction that the district court “begin all sentencing proceedings by correctly calculating the applicable Guidelines range,” Gall, 552 U.S. at 49, 128 S.Ct. 586 (citing Rita, 551 U.S. at 347-48, 127 S.Ct. 2456). If Johnson so undermines the residual cláuse that it cannot be accurately interpreted, a district court would commit a procedural error and abuse its' discretion if it used the Guidelines residual clause to calculate the Guidelines range. See Molina-Martinez, 136 S.Ct. at 1349; see also United States v. Munoz-Camarena, 631 F.3d 1028, 1030 (9th Cir.2011).
The one thing that we cannot do, however, is rely on precedent that has been overruled and effectively rendered nonexistent-by the Supreme Court.- Indeed, the Supreme Court has made clear that pre-Johnscrn case law cannot be applied even in cases pending on habeas review. Welch, 136 S.Ct. at 1265. By relying on overruled precedent and failing to consider whether Lee is entitled to the benefit of Johnson’s new rule, the majority fails to rise to the challenge of deciding this case in a post.-Johnson world. I dissent.

. 18 U.S.C. § 924(e)(2)(B) states:
[T]he term "violent felony” means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(i) has as an elément the use, attempted use, or threatened use of physical force against the person of another; or
.(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ...

. Because Irizarry did not expressly overrule Burns, we remain bound by its interpretation of Rule 32 as requiring a district court to give a defendant notice of its decision of a departure from the Guidelines, where " ‘departure’ is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines.” United States v. Evans-Martinez, 530 F.3d 1164, 1169 (9th Cir.2008). We nevertheless recognized that "[i]n light of Irizarry, it is arguable that the due process concerns that led to -the promulgation of Rule 32(h) are now equally inapplicable to sentencing departures.” Id.

. For this reason, Booker and Irizarry super-cede our pre-Booker decisions in United States v. Gallagher, 99 F.3d 329, 334 (9th Cir.1996) and United States v. Johnson, 130 F.3d 1352, 1354 (9th Cir.1997). In Gallagher and Johnson, we relied on Batchelder's determination that vague sentencing provisions -that do not give defendants notice of the consequences of violating a criminal statute may violate the Due Process Clause, and held that a defendant could challenge a provision of the Guidelines on the ground that it was unconstitutionally vague. Gallagher, 99 F.3d at 334; Johnson, 130 F.3d at 1354. Such concerns are no longer applicable after Booker, as explained in Irizarry.' Booker therefore “undercut the theory or reasoning .underlying” our decisions in Gallagher and Johnson "in such a .way that the cases are clearly irreconcilable,” Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (enbanc).

. The reasoning of circuits that have invalidated the Guidelines residual clause under Johnson is unpersuasive because those circuits failed to consider the purpose of the due process void for vagueness doctrine. See United States v. Madrid, 805 F.3d 1204, 1210- *1136 11 (10th Cir.2015); see also United States v. Maldonado, 636 Fed.Appx. 807, 810-11, 2016 WL 229833, at *3 & n. 1 (2d Cir. Jan. 20, 2016); United States v. Goodwin, 625 Fed.Appx. 840, 843 (10th Cir.2015). These cases applied Johnson’s void for vagueness analysis to the Guidelines without adequately examining whether such due process concerns apply in this different context, and without grappling with Irizarry’s ruling that a defendant does not have an "expectation subject to due process protection that he will be sentenced within the Guidelines range.” Peugh, 133 S.Ct. at 2085 (Sotomayor, J., plurality opinion), The opinions in United States v. Maurer, 639 F.3d 72, 77 (3d Cir.2011) and United States v. Savin, 349 F.3d 27, 38-39 (2d Cir.2003), which were decided before Irizarry, fail for the same reason.