# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3629

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Gary Duane Schultz, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   May 16, 2003

Filed:   May 23, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Gary Duane Schultz pleaded guilty to mail fraud and money laundering, in violation of 18 U.S.C. §§ 1341 and 1957, after he admitted that he used his executive positions at Lund Boats to defraud the company of more than $14,000,000. At sentencing, the district court[1] applied a 4-level enhancement under U.S.S.G. § 2F1.1(b)(8)(B) (2000), specifically finding that Shultz's conduct "affected"

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

financial institutions--namely, Farmers and Merchants State Bank (F&M) and Dain Rauscher Investment Services (Dain)--because Lund Boats had filed a lawsuit against them in an attempt to recover money taken by Schultz. The court sentenced Schultz to concurrent terms of 63 months imprisonment. He appeals, arguing that the court should not have applied the enhancement because F&M and Dain had not lost money in the as-yet undecided civil lawsuit, and were neither victimized nor directly affected by the offense.

Upon our de novo review, see United States v. Collins, 104 F.3d 143, 144 (8th Cir. 1997), we believe that the district court properly applied the enhancement. It is undisputed that Lund Boat's civil lawsuit against F&M and Dain resulted from the fraud, and the lawsuit appears to have realistically exposed them to substantial potential liability and legal expenses. See United States v. Schinnell, 80 F.3d 1064, 1069-70 (5th Cir. 1996) (fraud perpetrated against customer of financial institution affected that institution where fraud "realistically exposed [it] to substantial potential liability"); see also United States v. Johnson, 130 F.3d 1352, 1355 (9th Cir. 1997) (fraud "affected" bank where bank suffered unreimbursed financial losses, including legal expenses).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.