NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-50102 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:09-cr-01344-VBF-3 |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| AMIRHOSSEIN SAIRAFI, AKA | ) | |
| Amir Hossein Sairafi, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 9, 2012<sup>**</sup>
Pasadena, California

Before:    FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK,<sup>***</sup>
District Judge.

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

<sup>**</sup>The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

<sup>***</sup>The Honorable Frederic Block, Senior United States District Judge for the
Eastern District of New York, sitting by designation.

Amirhossein Sairafi appeals his sentence, which followed his guilty plea to conspiracy to violate and violation of the laws prohibiting transactions with Iran,[1] and to money laundering.[2] We affirm.

Sairafi asserts that his sentence was unconstitutional because the guideline calculation relied upon a guideline which is unconstitutionally vague. See USSG §2M5.1(a)(1).[3] While Sairafi did generally waive his right to appeal his sentence, he reserved the right to appeal that sentence on the ground of unconstitutionality,[4] and a claim of unconstitutional guideline vagueness is a cognizable claim.[5]

To prevail, Sairafi must demonstrate that the guideline's reference to "national security controls"[6] is unconstitutionally vague as applied to him.[7] That

---

[1]See 18 U.S.C. § 371; see also 50 U.S.C. §§ 1701–06; 31 C.F.R. § 560.204.

[2]See 18 U.S.C. § 1956(a)(2)(A).

[3]All references to the sentencing guidelines are to the November 1, 2010, version.

[4]See United States v. Watson, 582 F.3d 974, 977 (9th Cir. 2009); United States v. Bibler, 495 F.3d 621, 623–24 (9th Cir. 2007); United States v. Johnson, 130 F.3d 1352, 1354 (9th Cir. 1997).

[5]Johnson, 130 F.3d at 1354; United States v. Gallagher, 99 F.3d 329, 334 (9th Cir. 1996).

[6]USSG §2M5.1(a)(1).

[7]See Johnson, 130 F.3d at 1354.

2

he is unable to do. The statutes make it clear that the President can declare that another country is an "unusual and extraordinary threat . . . to the national security,"[8] and that doing so can lead to trade restrictions and export controls regarding the country in question.[9] A number of presidents have made that very determination about Iran,[10] and regulations which prohibit the sale or supply of "any goods, technology, or services" to that country, without a license,[11] have been issued. The scope, purposes and bases of those determinations and regulations are pellucid. See United States v. Mousavi, 604 F.3d 1084, 1090–91 (9th Cir. 2010); Bassidji v. Goe, 413 F.3d 928, 933–35 (9th Cir. 2005); see also Humanitarian Law Project v. U.S. Treasury Dep't, 578 F.3d 1133, 1139–40 (9th Cir. 2009). Put another way, the guideline did not fail "to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated." Johnson, 130 F.3d at

---

[8]50 U.S.C. § 1701(a).

[9]Id. at § 1702(a)(1)(B); see also id. § 1704; 50 U.S.C. app. § 2404.

[10]See, e.g., Exec. Order No. 13,059, Prohibiting Certain Transactions With Respect to Iran, 62 Fed. Reg. 44,531, 44,531 (Aug. 19, 1997); Presidential Notice, Continuation of the National Emergency With Respect to Iran, 75 Fed. Reg. 12,117 (Mar. 10, 2010); see also Exec. Order No. 12,959, Prohibiting Certain Transactions With Respect to Iran, 60 Fed. Reg. 24,757, 24,757 (May 6, 1995); Exec. Order No. 12,957, Prohibiting Certain Transactions With Respect to the Development of Iranian Petroleum Resources, 60 Fed. Reg. 14,615, 14,615 (Mar. 15, 1995).

[11]See 31 C.F.R. § 560.204; see also id. § 560.203.

1354. Because of that lucency, Sairafi, who knew that he was evading export restrictions, cannot succeed on his vagueness claim.[12]

AFFIRMED.

---

[12]Incidentally, the district court did consider the nature of the goods improperly exported when it decided to grant Sairafi a downward variance from the Guideline range.