Larry L. PRESSLEY, Petitioner,

v.

UNITED STATES of America, Respondent.

Case No. C16-510RSL

United States District Court, W.D. Washington.

Signed 08/11/2016

Michael Filipovic, Vicki W. W. Lai, Federal Public Defender's Office, Seattle, WA, for Petitioner.

Michael Dion, U.S. Attorney'S Office, Seattle, WA, U.S. Attorney Habeas, for Respondent.

## ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE

Robert S. Lasnik, United States District Judge

This matter comes before the Court on petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" (Dkt. # 1). After considering the motion, answer, reply, and supplemental authority, the Court grants the motion for the reasons stated herein.

## BACKGROUND

On April 10, 2013, petitioner Larry Pressley was charged under the Armed Career Criminal Act ("ACCA") with three counts of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Mot. (Dkt. # 1) at 3. The government alleged that four of petitioner's prior convictions qualified as "violent felonies" under the ACCA, allowing the government to charge defendant as an Armed Career Criminal under that statute. Id. If convicted of those charges, petitioner would have faced a mandatory minimum sentence of fifteen years. Id.

On May 14, 2013, the government filed a Superseding Information charging petitioner with possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and felon in possession of body armor in violation of 18 U.S.C. § 931. Id. Petitioner pleaded guilty that same day, avoiding the mandatory minimum sentence that would have applied to him under the ACCA. Ans. (Dkt. # 7) at 5; see also Redacted Ans. (Dkt. # 9) at 5. As part of the plea agreement, the parties agreed to recommend an above-guideline sentence between 120 and 138 months. Ex. C (Dkt. # 7-1) at 6. On September 20, 2013, this Court sentenced petitioner to 120 months. Ex. B (Dkt. # 7-1) at 19.

United States Probation Officer Tracy Cowin calculated petitioner's total offense level at 25, corresponding to a recommended term of imprisonment between 84 and 105 months. Ex. A (Dkt. # 8) at ¶ 72. This calculation treated two of petitioner's prior felony convictions, a 1997 first degree theft conviction and a 1999 drive-by shooting conviction, as "crimes of violence" under U.S.S.G. § 4B1.2(a)(2), resulting in a six point increase in petitioner's total offense level. Mot. (Dkt. # 1) at 4. Without this increase, petitioner's total offense level would have corresponded to a recom-

mended term of imprisonment of 46 to 57 months. Id.

After this Court sentenced petitioner, the Supreme Court decided Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In Johnson, the Supreme Court considered the "residual clause" of 18 U.S.C. § 924(e)(2)(B), which defined "violent felony" for the purpose of the ACCA as including any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court struck down the clause as unconstitutionally vague in violation of the Due Process Clause. Johnson, 135 S.Ct. at 2557. The Supreme Court subsequently held that the new rule created by Johnson is substantive rather than procedural, and thus has retroactive effect applicable on collateral review. Welch v. United States, —— U.S. ——, ——, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016).

### DISCUSSION

In the wake of the Johnson and Welch decisions, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming that (1) the holding in Johnson extends to the residual clause of U.S.S.G § 4B1.2(a)(2), which contains identical language to 18 U.S.C. § 924; (2) that petitioner's prior convictions would not qualify as "crimes of violence" under U.S.S.G § 4B1.2(a)(2) except through its residual clause; and (3) that Johnson applies retroactively, invalidating petitioner's sentence and entitling him to re-sentencing. The government concedes the first two points. Ans. (Dkt. # 7) at 13, 21; see also Redacted Ans. (Dkt. # 9) at 13, 21. However, the government argues that (1) Johnson does not apply retroactively to collateral review cases where a petitioner challenges the Sentencing Guidelines rather than an ACCA conviction; (2) petitioner failed to file his case before the statute of

limitations expired; and (3) petitioner's claim is procedurally defaulted, and he can show neither cause for his procedural default nor actual prejudice from the consideration of the prior convictions in the sentencing guidelines because the sentence ultimately did not rely on or follow the guideline recommendation.

### A. Johnson Applies Retroactively in the Sentencing Guidelines Context

 The government argues that the Supreme Court's holding in Welch is limited to the context of the ACCA and does not extend to cases involving the sentencing guidelines. The government draws this conclusion from their contention that Johnson as applied to U.S.S.G § 4B1.2(a)(2) is a new procedural rule rather than a substantive rule. Substantive constitutional rules—which include rules narrowing the scope of a criminal statute by interpreting its terms and rules prohibiting, as a constitutional matter, criminal punishment of a kind of conduct—are applicable retroactively on collateral review. Schriro v. Summerlin, 542 U.S. 348, 351–52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). On the other hand, new rules of criminal procedure do not apply retroactively unless they are part of a narrowly construed category of "watershed rules" that implicate fundamental fairness and accuracy of criminal proceedings. Id. at 352, 124 S.Ct. 2519. The government contends that as applied to U.S.S.G § 4B1.2(a)(2), Johnson merely announces a new procedural rule regulating how the sentencing process operates rather than substantively changing the category of offenders eligible for a punishment. Ans. (Dkt. # 7) at 15-17; see also Redacted Ans. (Dkt. # 9) at 15-17.

 The government's argument that a new constitutional rule can be substantive in one context and procedural in another runs against controlling precedent. In Rei-

na–Rodriguez v. United States, the Ninth Circuit held that a prior decision narrowing the scope of laws falling under the ACCA definition of a "violent felony" was a substantive rule that applies retroactively on collateral review within the Sentencing Guidelines context. 655 F.3d 1182, 1188–89 (9th Cir.2011). Though the petitioner in Reina–Rodriguez was challenging his categorization under the Sentencing Guidelines rather than a conviction under the ACCA, the Ninth Circuit made no distinction on that point, holding that the earlier decision "altered the conduct that substantively qualifies as burglary under the categorical approach." Reina–Rodriguez, 655 F.3d at 1189. The government acknowledges that treating a new constitutional rule as substantive in one context but procedural in another would be in tension with Reina–Rodriguez. The government nonetheless attempts to avoid Reina–Rodriguez's conclusion by noting that the Ninth Circuit did not consider the argument that a rule limiting a Sentencing Guidelines culpability enhancement cannot be substantive because the it would not subject the defendant to a punishment beyond the maximum permitted by statute. Ans. (Dkt. # 7) at 17; see also Redacted Ans. (Dkt. # 9) at 17. The Court declines to adopt this reasoning as it creates a distinction where the Ninth Circuit found none. Recent decisions in the Western District of Washington and other district courts within the Ninth Circuit have come to this same conclusion, and the Court concurs in their analyses. See, e.g., Gilbert v. United States, 2016 U.S. Dist. LEXIS 82083 at *13–14 (W.D.Wa. June 23, 2016); United States v. Dean, 2016 U.S. Dist. LEXIS 33094 at *50–51 (D.Or. Mar. 15, 2016).

The government also argues that in recognizing a vagueness challenge to the Sentencing Guidelines, the Court necessarily creates a new rule allowing the Guidelines to be challenged as unconstitutionally vague. This argument has recently been rejected by this District. Gilbert, 2016 U.S. Dist. LEXIS 82083 at *15–16. New rules are not created when a court merely applies principles governing prior decisions. Teague v. Lane, 489 U.S. 288, 307, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Reina–Rodriguez shows that a rule that is substantive in the ACCA context is also substantive in the Sentencing Guidelines context. Reina–Rodriguez, 655 F.3d at 1188–89. The Ninth Circuit has also previously allowed vagueness challenges to the Sentencing Guidelines. United States v. Johnson, 130 F.3d 1352, 1354 (9th Cir.1997). In light of the Supreme Court's decisions in Johnson and Welch, these precedents lead the Court to recognize the holding in Johnson as being retroactively applicable to the Sentencing Guidelines. No new rule need be created.

## B. Petitioner's Claim Meets the Statute of Limitations

■ The government argues that petitioner's motion is untimely because the one year statute of limitations for making a motion under 28 U.S.C. § 2255 has expired. Ans. (Dkt. # 7) at 9; see also Redacted Ans. (Dkt. # 9) at 9. The government contends that since petitioner did not directly appeal his conviction, the statute of limitations begins to run from the date his conviction became final, October 7, 2013. Id. Petitioner did not file this motion until April 7, 2016. Id. However, if the right asserted by the petitioner is newly recognized by the Supreme Court and made retroactively applicable on collateral review, the one year statute of limitations runs from the date when that right is recognized. 28 U.S.C. § 2255(f)(3). Petitioner's motion is based on Johnson, decided on June 26, 2015. Mot. (Dkt. # 1) at 2. For the reasons listed above, Johnson announces a new substantive constitutional rule that is applicable on collateral review.

Therefore, petitioner made his motion within the statutory period.

## C. Petitioner's Claim Overcomes Its Procedural Default

Petitioner's claim is procedurally defaulted because he never argued at sentencing that his prior convictions were not crimes of violence under the residual clause of U.S.S.G § 4B1.2(a)(2), nor did he raise this claim on direct appeal. United States v. Braswell, 501 F.3d 1147, 1149 (9th Cir.2007); Ans. (Dkt. # 7) at 10; see also Redacted Ans. (Dkt. # 9) at 10. A petitioner may nonetheless overcome procedural default by showing "cause," meaning that the petitioner's default was excusable, and "actual prejudice," meaning that petitioner suffered harm from the action forming the basis of the claim. See, e.g., Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). For the reasons listed below, petitioner has shown both cause and actual prejudice and is thus not barred from § 2255 relief despite his procedural default.

### 1. Petitioner's Failure to Raise this Claim on Appeal is Excusable

One way a petitioner can show cause is by showing that the claim being raised is "so novel that its legal basis [was] not reasonably available to counsel" at the time of sentencing or direct appeal. Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). When the Supreme Court recognizes a new constitutional rule held to have retroactive application, that rule is recognized as not having been "reasonably available" to counsel when it explicitly overrules Supreme Court precedent. Id. at 17, 104 S.Ct. 2901. Petitioner can show cause because his claim is based on Johnson, which explicitly overruled relatively recent Supreme Court decisions in James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), and Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), each of which upheld the constitutionality of the residual clause of 18 U.S.C. § 924(e)(2)(B). Johnson, 135 S.Ct. at 2563. Petitioner was sentenced on September 20, 2013, two years after the Supreme Court decided Sykes but almost two years before Johnson was decided. Before Johnson, challenges asserting that the residual clause of U.S.S.G § 4B1.2(a)(2) was unconstitutionally vague were rejected by the Ninth Circuit and other federal courts of appeals as contrary to Supreme Court precedent. E.g., United States v. Spencer, 724 F.3d 1133, 1145–46 (9th Cir.2013). Despite the government's arguments to the contrary, it would be unreasonable for the Court to punish petitioner for the failure of his counsel to assert a claim that had been rejected by the Supreme Court twice within the previous seven years.

### 2. Petitioner was Prejudiced by Johnson Error

The government argues that petitioner could not have been prejudiced by the erroneous inclusion of his prior convictions as "crimes of violence" under U.S.S.G § 4B1.2(a)(2) because petitioner's actual sentence was significantly higher than his recommended sentencing range under the guidelines. Ans. (Dkt. # 7) at 21; see also Redacted Ans. (Dkt. # 9) at 21. The government contends that the driver of the 120 month sentence issued by this Court was the Plea Agreement made by the parties, with 120 months serving as the low end of the agreed upon sentencing range. Ans. (Dkt. # 7) at 22; see also Redacted Ans. (Dkt. # 9) at 22. While the Sentencing Guidelines range was not the sole driver of petitioner's sentence, it cannot be ruled out as a factor. As the sentencing range is among the factors the Court must consider under 18 U.S.C. § 3553(a) in imposing a sentence, an error in calculating this range undermines the legitimacy of

whatever sentence is imposed. See United States v. Goodman, 519 F.3d 310, 323 (6th Cir.2008). This kind of error would not be considered harmless even if the Court were to have issued a sentence that fell within the properly calculated Sentencing Guidelines following Johnson. See Id. Since petitioner's sentence far exceeded the correct Sentencing Guidelines range, the Court finds that the error prejudiced the petitioner.

Moreover, the error under the Sentencing Guidelines is not the only Johnson error relevant to this case. The unconstitutional residual clause was introduced through petitioner's original indictment under 18 U.S.C. §§ 922(g)(1) and 924(e). Petitioner's status as an Armed Career Criminal, based on the clause struck down by Johnson, meant that he faced a mandatory minimum sentence of fifteen years if convicted under that statute. Mot. (Dkt. # 1) at 2. After petitioner was indicted, the parties negotiated a Plea Agreement: by pleading guilty to possession of a stolen firearm and felon in possession of body armor, petitioner avoided avoid the fifteen year mandatory minimum. Ans. (Dkt. # 7) at 5; see also Redacted Ans. (Dkt. # 9) at 5. Petitioner claims that the mistaken belief that he qualified as an Armed Career Criminal served as the anchor in the plea negotiations for determining an acceptable sentencing range. Mot. (Dkt. # 1) at 6; Reply (Dkt. # 13) at 20.

In a recent and remarkably similar case, a petitioner who was originally charged under the ACCA's residual clause subsequently pleaded guilty to a lesser charge pursuant to a plea agreement recommending a different and greater sentence than that advised by the Sentencing Guidelines. United States v. Suttle, 2016 WL 3448598, at *, 2016 U.S. Dist. LEXIS 79964 at *1–3 (E.D.Wash. June 20, 2016). The Honorable Stanley A. Bastian granted the petitioner's § 2255 motion under the following rationale, which this Court adopts:

[T]he underlying foundation upon which the resolution of Defendant's case was based has now crumbled in the wake of Johnson and Welch. The initial charging document, the plea negotiations, the resulting 11(c)(1)(C) plea agreement, the decision to forgo a pretrial motion to suppress and to plead guilty, the sentencing recommendations by both parties, and the sentencing decision were all made or taken in light of the fact that Defendant was facing an ACCA 15-year mandatory minimum sentence.

Because of this, the proper analysis is not as the parties have framed it, that is, whether the new rule announced in Johnson is a new substantive or procedural rule and whether it is applicable to the Guidelines. Rather, the proper analysis is to view Defendant's case as a Johnson case. While not every case in which a defendant is facing potential ACCA exposure should be viewed in this manner...Due process, the interest of justice, and fundamental fairness demand that the Court consider Defendant's § 2255 motion as if he was pursuing Johnson ACCA claims.

Suttle, 2016 WL 3448598, at *4, 2016 U.S. Dist. LEXIS 79964 at *10–11. As in Suttle, in this case the original constitutional error of charging petitioner under the ACCA permeated the entire process leading to his sentencing. For this reason the Court finds that the error in charging petitioner under the ACCA also resulted in actual prejudice, and that Johnson compels the Court to grant the petitioner relief.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence (Dkt. # 1) is GRANTED. The Court vacates and sets aside the sentence,

subject to petitioner's later resentencing. The Court will schedule a status conference in this action to discuss further proceedings following this order.